**Carolyn MCCOLLOUGH,**
**Plaintiff–Appellant,**

**v.**

**John W. SNOW,\* Secretary of the Treasury, Defendant–Appellee.**

No. 03–1039.

United States Court of Appeals, Seventh Circuit.

Argued Nov. 12, 2003.

Decided Dec. 17, 2003.

Michael F. Lefkow, Chicago, IL, for Plaintiff–Appellant.

Thomas P. Walsh, Jonathan C. Haile, Office of the United States Attorney, Chicago, IL, for Defendant–Appellee.

Before BAUER, MANION, and ROVNER, Circuit Judges.

## ORDER

In the course of a major restructuring of the IRS's Taxpayer Advocate Service, Carolyn McCollough applied to retain her position as Local Taxpayer Advocate for the Chicago district. Her evaluations, while generally positive, were mixed, with two of her former supervisors (Robert Brazzil and Olga Rhodes) voicing concerns about her ability to accept criticism and to manage the Chicago district's heavy caseload. The decisionmaker, Deputy Taxpayer Advocate Henry Lamar, decided to re-post the position in order to seek additional candidates. Lamar encouraged McCollough to reapply, but she chose instead to take an early retirement. She then sued the IRS, alleging discrimination based on age, race, color, sex, and religion.

The district court granted summary judgment for the defendant. It found that McCollough was unable to establish a prima facie case of discrimination because she herself had interrupted the hiring process by declining to reapply for the position, and therefore was not "rejected." And even if she was rejected, it was unclear to the court whether that was an adverse action, because McCollough "was assured to receive an equivalent position at the

---

\* Pursuant to Rule 43(c)(1) of the Federal Rules of Appellate Procedure, John W. Snow has been substituted for Paul H. O'Neill insofar as the suit is against O'Neill in his official capacity.

same grade and pay but chose to retire." Finally, the court noted, McCollough presented no evidence that Lamar's stated reason for not selecting her—the negative information from Brazzil and Rhodes, combined with her failure to reapply during the second round—was pretextual.

The first of these conclusions presents a close call—we have found no cases (and none are cited by either party) addressing whether this sort of first-round "non-selection" of a position, with an invitation to reapply for the second round, constitutes an adverse employment action. Similarly, it is not apparent from the record (or from the district court's minimal reasoning on this point) whether the position to which McCollough would ultimately have been assigned (had she not retired) was any worse, in terms of pay and advancement potential, than the position she was denied. *See Herrnreiter v. Chicago Housing Authority,* 315 F.3d 742, 744–45 (7th Cir.2002) (adverse employment actions include those that diminish an employee's compensation, significantly reduce her career prospects, or create an objective hardship in her working conditions). However, we do not need to resolve either of these questions, because the district court was correct that McCollough has not presented any evidence of pretext.

McCollough argues that pretext can be inferred from a pattern of "non-responsive" answers given by Brazzil and Rhodes in their depositions. She notes that Lamar said he rejected her as Local Taxpayer Advocate because of the negative feedback he received from Brazzil and Rhodes. Although she does not dispute that those two had concerns about her abilities, McCollough finds it significant that neither of them was able to remember any such conversation with Lamar. She argues that a jury could infer from this that Lamar was lying about those conversations, and

that the real reason for his decision was discriminatory.

To support this reasoning, McCollough cites *Reeves v. Sanderson Plumbing Products., Inc.,* 530 U.S. 133, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000), which holds that pretext can be demonstrated by circumstantial evidence, such as evidence that an employer's stated reason for an employment practice is "unworthy of credence," *id.* at 147. In that case, the plaintiff discredited the defendant's stated reason— the plaintiff's "shoddy record keeping"— by presenting evidence that he had in fact maintained the relevant records properly. *Id.* at 143.

*Reeves* would be helpful to McCollough if she could show that there was no basis for thinking she had trouble accepting criticism, or that she did in fact manage the Chicago district's caseload successfully. But the only thing she disputes is that Brazzil and Rhodes communicated their concerns directly to Lamar. At most, this allows an inference that Lamar got his information from some other source. It does not demonstrate that Lamar's stated reason for rejecting McCollough's application was "unworthy of credence."

A defendant in a Title VII lawsuit will prevail at summary judgment if the plaintiff either fails to present a prima facie case of discrimination, or is unable to show that the defendant's stated reason for the adverse action is pretextual. *See McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802–05, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Because McCollough has been unable to adduce any evidence of pretext, we AFFIRM the district court's grant of summary judgment.